IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JEREMY A. AVERY                                                                              PLAINTIFF

v.                                    Civil No. 6:17-CV-06124

CHIEF DEPUTY STEVEN ELROD,                                                    DEFENDANTS
CAPTAIN RON HALVERSON, APN
EARNEST ENNIS, DR. KARL
WAGENHAUSER, SOUTHWEST
CORRECTIONAL MEDICAL GROUP and
SHERIFF MIKE MCCORMICK

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on November 30, 2017. (ECF No. 1). He alleges his constitutional rights were violated by the denial of medical care while incarcerated as a pre-trial detainee in the Garland County Detention Center. (*Id.* at 3-11). Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC") Ouachita River Unit.

The Garland County Defendants (Elrod, McCormick, and Halverson ) filed a Motion for Summary Judgment on January 24, 2019. (ECF No. 36). Plaintiff filed his Response on February

1

27, 2019. (ECF No. 42). The Motion for Summary Judgment was granted on July 17, 2019. (ECF No. 55).

Defendants Ennis and Wagenhauser filed their Motion for Summary Judgment on July 15, 2019. (ECF No. 47). Defendant Southwest Correctional Medical Group also filed a Motion for Summary Judgment on July 15, 2019. (ECF No. 50). On July 16, 2019, the Court entered Orders directing Plaintiff to Respond to these Motions by August 6, 2019. (ECF No's 53, 54). Both Orders advised Plaintiff that failure to submit the responses by the deadline would result in either Defendants' facts being deemed admitted or the dismissal of his case. (*Id*.).

On August 7, 2019, the Court entered an Order to Show Cause directing Plaintiff to show cause why this action should not be dismissed based on his failure to obey the order of this Court and his failure to prosecute this action. (ECF No. 59). Plaintiff was directed to provide his Response by August 28, 2019. (*Id*.). Plaintiff was then granted an extension to Respond to the Order, giving him until September 16, 2019, to do so. (EF No. 63).

Plaintiff filed his Response to the Order on September 16, 2019. (ECF No. 64). Plaintiff states he is still waiting for a copy of his medical records from C.H.I. St. Vincent Hospital in Hot Springs and his medical records from the Garland County Detention Center. (*Id*. at 1). He further states he has undergone additional treatment and testing for his legs, feet, and heart. (*Id*.). Plaintiff apologizes for the delay and requests that his medical records from C.H.I. St. Vincent Hospital in Hot Springs and the Garland County Detention Center be provided to him. (*Id*. at 2).

The former Garland County Defendants filed a Reply to Plaintiff's Response on September 19, 2019. (ECF No. 65). They state they mailed Plaintiff his medical file, including the records from CHI, on September 28, 2019. (*Id*.). Defendants Southwest Correctional Medical Group, Ennis, and Wagenhauser ("Medical Defendants") filed a Response on September 19, 2019. (ECF

No. 67). They state that Plaintiff never sent them formal discovery requests, but they nonetheless provided Plaintiff his medical and other records in accordance with the Court's initial scheduling Order. (*Id*. at 1-2). They further state that Plaintiff's response is disingenuous and not supported by the record because Plaintiff used the medical records he claims he never received as exhibits in his Response (ECF No. 42) to the first Summary Judgment Motion by the Garland County Defendants. (ECF No. 67 at 2-3). Nor did Plaintiff argue in his Response that he was lacking any medical records. (*Id*.).

The Medical Defendants are correct. Further, the Garland County Defendants attached his medical records from both the detention center and CHI St. Vincent to their Statement of Facts on January 24, 2019, and Plaintiff received copies of all exhibits. (ECF No. 38). He also asked for and received additional copies of documents from the Court, including copies the summary judgment motion exhibits, when he alleged he did not receive them. (ECF No's 28, 41). Finally, the discovery deadline for this case was extended until March 15, 2019, (ECF No. 32), and Plaintiff did not file any Motions to Compel discovery at any time during this case.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to comply with a Court Order by failing to substantively reply to the Motions for Summary Judgment. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **16th day of December 2019**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE